UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   ECF case
GEORGE ABDELSAYED,

                                   Plaintiff,

                                                         **COMPLAINT AND JURY**
   v.                                                      **DEMAND**

NEW YORK UNIVERSITY, NYU LANGONE
MEDICAL CENTER, NYU SCHOOL OF
MEDICINE, & NYU LANGONE HOSPITAL-
BROOKLYN F/K/A/ NYU LUTHERAN MEDICAL
CENTER

                                   Defendants.
------------------------------------------------------------------X

       The Plaintiff by his attorneys, Law Offices of Lauren Goldberg, PLLC, as and for his complaint against the Defendants allege:

## NATURE OF THE ACTION

1. Plaintiff was employed as the Section Chief of Gastroenterology by Defendants.  Plaintiff brings this civil action pursuant to the New York State Human Rights Law (NYSHRL), N.Y. Executive Law §296 *et seq.* and the New York City Human Rights Law (NYCHRL), N.Y.C. Admin Code §8-107 *et. seq*. Plaintiff also brings a claim for breach of contract.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 as the parties reside in different states and the amount in controversy exceeds $ 75, 000, exclusive of interest and costs.

1

3. Venue against all Defendants lies in this judicial district pursuant to 28 U.S.C. § 1391 (b) as this action arose within the Southern District of New York, where the unlawful practices alleged herein occurred.

## THE PARTIES

4. Plaintiff George Abdelsayed is domiciled in the State of New Jersey.

5. Plaintiff was an employee within the meaning of Section 292 of the NYSHRL and Section 8-102 of the NYCHRL.

6. At all relevant times, Plaintiff suffered from a "disability" as defined by Section 292(21) of the NYSHRL and Section 8-102(16) of the NYCHRL.

7. Upon information and belief, New York University is an educational and medical organization, which was incorporated in the state of New York and has its principal offices in New York, New York.

8. Upon information and belief, Defendant New York University Langone Medical Center is a division of New York University that is compromised of the NYU School of Medicine and several affiliated hospitals.  New York University Langone Medical Center's principal offices are located in New York, New York.

9. Upon information and belief, Defendant New York University School of Medicine is a division of New York University and is an educational institution focusing on medicine. NYU School of Medicine has its principal offices in New York, New York.

10. Upon information and belief, Defendant NYU Langone Hospital – Brooklyn, F/K/A Lutheran Medical Center, is located in Brooklyn New York and is one of the hospitals that is a part of the NYU Langone Medical Center.

11. At all relevant times, Defendants were "employers" within the meaning of Section 292(5) of the NYSHRL and the NYCHRL.

12. At all relevant times, Defendants employed more than 50 employees.

## BACKGROUND FACTS

13. Dr. George Abdelsayed began working for Defendants as Section Chief of Gastroenterology on September 1, 2016.

14. Plaintiff physically worked at NYU Lutheran Medical Center which is now known as NYU Langone Hospital-Brooklyn.

15. At all times, Plaintiff's performance was excellent.

16. In March 2017, Dr. Abdelsayed was experiencing pain in both arms and muscle weakness in his left arm. His pain was the result of having a condition whereby he had a great amount of nerve root compression from his spinal cord.

17. The nerve root compression affected the muscles in his arms and shoulders such that it impaired the regular use of his left arm.

18. Dr. Abdelsayed also had a condition with nerve root compression in his lumbar spinal area. This condition caused pain in both legs with prolonged standing or walking.

19. Upon the recommendation of his immediate supervisor and Chief of Medicine, Dr. Frank Volpicelli, Dr. Abdelsayed went to Dr. Michael Smith from NYU Langone for treatment.

20. Dr. Smith told Plaintiff he would need an operative intervention to decompress the spinal cord as well as decompress the affected nerve roots to alleviate the pain.

21. Dr. Smith recommended that he undergo a procedure called Anterior Cervical Decompression and Fusion (ACDF) which was supposed to have a recovery time of approximately 3 months.

22. In March 2017, Dr. Smith performed the ACDF on Dr. Abdelsayed.

23. The surgery failed and Dr. Abdelsayed continued to have the same pain in both arms and same weakness in his left arm after the surgery.

24. After the surgery failed, Dr. Abdelsayed sought a second opinion from another doctor, Dr. Rachid Assina.

25. Dr. Assina instructed Dr. Abdelsayed to undergo aggressive physical therapy with a subsequent evaluation before returning to work.

26. In May/June 2017, after knowing that the surgery had been a failure, Dr. Abdelsayed informed the Hospital that he would need to take additional time to recover and to complete the prescribed physical therapy.

**27.** During the summer of 2017, while out on leave, Dr. Volpicelli informed Plaintiff that Dr. Abdelsayed could return to work as a hepatologist at the Hospital if he could not perform endoscopy upon his return.

28. On August 23, 2017, Dr. Abdelsayed informed Evelyn Taveras, a Manager in the Human Resources Department, that he had an appointment with his doctor in September and would inform the Hospital of his doctor's recommendations after seeing his doctor.

29. On August 24, 2017, Ms. Taveras emailed Dr. Abdelsayed and indicated that the Hospital would need to know from his doctor following his September visit when he could return to work.

30. On September 20, 2017, after meeting with his doctor, Dr. Abdelsayed informed Ms. Taveras and Dr. Frank Volpicelli that he was able to return to work immediately with some minor accommodations.

31. On September 26, 2017, Dr. Abdelsayed emailed Ms. Taveras his doctor's paperwork which included the accommodations that Dr. Assina said were necessary for him to return to work.

32. Dr. Assina stated that Plaintiff needed 3 accommodations: (1) "[a] seating arrangement should be available for prolonged procedures, such as those lasting greater than 20-30 minutes; (2) Dr. Abdelsayed cannot perform any procedures that are inherently long and require the use of heavy equipment such as lead apron; and (3) Floor teaching and work rounds should be ideally performed at a central station where seats are available."

33. With these accommodations, Dr. Assina approved Plaintiff returning to work and performing all the essential requirements of his position.

34. On October 9, 2017, Ms. Taveras called Dr. Abdelsayed and told him that the Hospital would not be able to meet his accommodations.

35. Although Dr. Volpicelli had told Plaintiff during the summer that he could return to the hospital as a hepatologist, the Hospital never offered the Plaintiff this position either.

36. On October 17, 2017, the Hospital fired Dr. Abdelsayed.

37. The accommodations that Dr. Abdelsayed had requested were all reasonable.

38. In regard to the first accommodation which required that Dr. Abdelsayed be given a seating arrangement during procedures longer than 20 minutes, this simply required the Hospital to supply a chair.

39. There are other doctors who sit during endoscopic procedures, and, in fact, some doctors prefer to perform endoscopic procedures in the seated position.

40. This request was reasonable as Dr. Abdelsayed was only asking for a provision that was already practiced by other doctors who did not even have a disability.

41. The second accommodation, which stated that he should not perform any inherently long procedures that required heavy equipment, only affected Plaintiff's ability to perform one procedure, which was the Endoscopic Retrograde Cholangio Pancreatography (ERCP).

42. Performing ERCPs, however, was never a requirement for Dr. Abdelsayed's position.

43. Accordingly, this second accommodation was also reasonable as it did not impact Dr. Abdelsayed's ability to perform the essential requirements of his job.

44. The last accommodation, which encouraged Dr. Abdelsayed to perform rounds in a seated position, was also reasonable as it did not cost the hospital any money nor did it have any effect on Plaintiff's practice.

45.  The Hospital did not engage in an interactive process with Dr. Abdelsayed to see whether there was any way that his accommodations could be met.

46. The Hospital flatly denied his requests even though the requests were reasonable and would not cause an undue hardship on the Hospital.

47. The Hospital had a duty to see if they could accommodate his needs, but failed to do so.

48. The Hospital discriminated against Dr. Abdelsayed by failing to accommodate his disability.

49. Defendant's conduct was willful and was in complete disregard of Plaintiff's rights.

50. The Defendant's actions, as described above, were done with malice and reckless indifference to plaintiff's rights.

## AS AND FOR A FIRST CAUSE OF ACTION
## (NYSHRL)

51. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

52. Defendants unlawfully discriminated against Plaintiff on the basis of his disability in violation of the NYSHRL.

53. Defendants failed to provide a reasonable accommodation based upon his disability.

54. As a proximate result of Defendants' discriminatory actions, Dr. Abdelsayed has, and continues to suffer loss of past and future wages and benefits, nEWNEW Npast and future emotional distress, humiliation, embarrassment, and loss of professional reputation.

## AS AND FOR A SECOND CAUSE OF ACTION
## (NYCHRL)

55. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

56. Plaintiff has been discriminated against by Defendants on the basis of his disability in violation of the New York City Human Rights Law based on Defendants' failure to provide a reasonable accommodation of Plaintiff's disability.

57. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(a) by refusing to grant him a reasonable accommodation of his disability.

58. As a proximate result of Defendants' discriminatory actions, Dr. Abdelsayed has, and continues to suffer loss of past and future wages and benefits, past and future emotional distress, humiliation, embarrassment, and loss of professional reputation.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Breach of Contract)

59. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

60. Dr. Abdelsayed had an employment contract with Defendants.

61. In Plaintiff's employment contract, it states that the Hospital may only terminate Plaintiff for disability "only after engagement in the interactive process and consideration of reasonable accommodation request in accordance with federal, local and state regulations."

62. Defendants failed to engage in the interactive process as required by his contract. Defendant simply refused Plaintiff's accommodations.

63. As a result of Defendants' actions, the Defendant violated Plaintiff's contract and Plaintiff has lost wages and benefits.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dr. Abdelsayed respectfully requests that this Court enter a judgment in his favor and against defendant, awarding the following relief:

(a) An award of damages in an amount to be determined at trial to compensate plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, and fringe benefits;

(b) An award of damages in an amount to be determined at trial to compensate plaintiff for

all non-monetary and/or compensatory damages, including but not limited to compensation for severe mental anguish, anxiety, stress, humiliation, embarrassment, and emotional distress;

(c) An award of any and all other monetary and/or non-monetary losses suffered by plaintiff in an amount to be determined at trial;

(d) An award of punitive damages;

(e) An award of all costs that plaintiff has incurred in this action, including reasonable attorneys' fees;

(f) An award of lost damages under Plaintiff's contract; and

(h) Such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:   New York, New York
         December 7, 2017

                             **LAW OFFICES OF LAUREN GOLDBERG, PLLC**

                      By:_____

                             LAUREN GOLDBERG (LG: 9890)
                             Attorney for Plaintiff
                             65 Broadway, 7th Floor
                             New York, N.Y. 10006
                             (646) 452-8380