**LAW OFFICES OF LAUREN GOLDBERG, PLLC**
3 COLUMBUS CIRCLE, 15TH FLOOR
NEW YORK, NEW YORK 10006
lg@lgoldberglaw.com

TELEPHONE: (646) 452-8380                              FACSIMILE: (646) 452-8663

May 7, 2019

**VIA ECF**
The Honorable Katharine H. Parker
United States Magistrate Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    Abdelsayed v. NYU, Case No. 1:17-cv-09606-VSB-KHP

The Honorable Katharine H. Parker:

I represent the Plaintiff in the above referenced case and am writing to respond to Defendants' letter dated May 2, 2019. [Document 51] Defendants should not be entitled to send subpoenas to Plaintiff's subsequent employers, our Lady of Lourdes Medical Center and Richmond University Medical Center (his current employer), and to Wyckoff Heights Medical Center (Wyckoff), a place that made Plaintiff a job offer after he was terminated from NYU but ultimately reneged on the job offer.

Case law clearly establishes that subpoenas to a Plaintiff's subsequent employers should be used in very narrow circumstances. "[B]ecause of the direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort. *Warnke v. CVS Corp.*, 265 F.R.D. 64, *69 (E.D.N.Y. 2010)(squashing subpoenas to Plaintiff's subsequent employers and explaining that Defendant "is not entitled to obtain this information directly from Plaintiff's employers, but rather must obtain the information from less intrusive means where possible. The relevant information sought by Defendant in the subpoenas can be obtained from whatever records Plaintiff has in his possession as well as through Plaintiff's deposition." ) *See also Morales v. Pepsi Co.*, 2018 U.S. Dist. LEXIS 137424 (W.D.N.Y. 2018)(denying authorizations of plaintiff's employer records because there were less intrusive ways to obtain the same information such as through Plaintiff's own testimony).

Despite the restrictive attitude the courts have routinely expressed regarding subpoenas to subsequent employers, Defendants want to engage in a fishing expedition with Plaintiff's subsequent employer, current employer and prospective employer. Defendants list a wide range of topics that they would like to delve into with Plaintiff's employers, but significantly do not provide a basis as to how they relate to the claims or defenses nor do they provide any explanation as to why the information cannot be obtained through less intrusive means such as through the Plaintiff himself. The topics Defendants wants to explore without providing a basis include: (1)

1

Dr. Abdelsayed's job duties, (2) Dr Abdelsayed's job restrictions for the positions, (3) Dr. Abdelsayed's medical conditions and how those conditions affected his ability to perform the positions, (4) Dr. Abdelsayed's ability to perform the job duties for the positions including general and advanced endoscopies, (5) Dr. Abdelsayed's requested accommodations for the positions, (6) Dr. Abdelsayed's representations about his ability to perform the job duties for the positions and requested accommodations for the positions, (7) Dr. Abdelsayed's pre-employment medical clearance process for the positions and whether he passed that process and (8) Dr. Abdelsayed's compensation and payroll records to calculating his lost wages.

While Plaintiff does not concede the relevance to these topics, Plaintiff has already testified at his deposition as to topics (1), (2), (3), (4), (5), and (6). Defendants even provided a part of the transcript where Plaintiff discussed one of these topics and provided a document that specifically addressed Plaintiff's duties. Defendants did indicate what information they are still seeking or why they would not be able to obtain such information from Plaintiff. At his deposition, Plaintiff was not asked directly about compensation or benefits. Had he been asked about his compensation and benefits; he could have testified as to his current benefits.[1] Defendants chose not to ask Plaintiff about these topics. It was Defendants' choice not to pursue this line of questioning with Plaintiff. They cannot use their choice to justify subpoenaing Plaintiff's employers as an alternative.[2]

In addition to the above list for which they provide no justification or specifics, Defendants also state that they should be entitled to know the results of Plaintiff's physical examination with Wyckoff and "whether he was unable to perform the job duties of the Director of Gastroenterology position with or without reasonable accommodation."[3] Such information does not pertain to the claims or defenses in this case. In the fall of 2017, Defendants told Plaintiff that NYU could not accommodate Plaintiff's requests because they had concerns about the actual requests (i.e. NYU's position was that doing endoscopic procedures from the seated position posed patient concerns). Accordingly, the issue in this case is whether the requests were reasonable and whether the Defendants reasonably refused them. Defendants try to distract from the main issue by creating an issue that never existed, i.e. Plaintiff's physical ability to perform his job with the reasonable accommodations.[4] Defendants are trying to fish for documents which is exactly what case law warns against when it comes to subsequent employers.

---

[1] As of the filing of the instant motion, Plaintiff has provided records for all the payments he received for his work at Lady of Lourdes Medical Center as well as for Richmond University Medical Center.

[2] Plaintiff would be willing to provide written answers to reasonable written deposition questions on these limited topics that were not explored, despite the fact that Defendants have conducted a full day deposition with Plaintiff. By offering this, however, Plaintiff does not concede the relevance of any of these topics but offers this as a compromise for this motion.

[3] As Defendant indicated in their own papers, Plaintiff disclosed the accommodations to Wyckoff and told them that he needed the accommodations. Plaintiff's position at Our Lady of Lourdes Medical Center as well as his current job are not in gastroenterology and as such, he does not require the accommodations he needed at NYU because he is not performing the procedures he was expected to perform at NYU.

[4] Neither party disputes that Plaintiff could not perform ERCPs. The parties dispute whether that was an essential part of his job, but his inability to perform ERCPs did not lead Defendants to question whether he was physically capable of performing the rest of his duties with accommodations.

Moreover, even assuming arguendo, that Defendants are entitled to discover the information, there is a less intrusive way for Defendants to find out whether Plaintiff's physical condition was the reason for Plaintiff not obtaining the job. Had Plaintiff been asked whether his physical condition or accommodations played a role in Wyckoff's decision, Plaintiff could have answered the question. Although Plaintiff does not know why he was terminated, Dr. Tanveer Mir explicitly told him that their decision to renege on his offer had nothing to do with his physical condition or his reasonable accommodations.

As to Richmond University Medical Center, Plaintiff's current employer, Defendants could have easily inquired with the Plaintiff as to how his current job responsibilities differ from those at NYU or those discussed with Wyckoff. While Plaintiff not only provided documents which listed the duties, Plaintiff could have easily testified as to any differences. Defendants cannot use a subpoena to obtain information that they could have easily obtained at Plaintiff's deposition.

Defendants' request for attorneys' fees in this motion should be denied. Defendants propose expansive subpoenas directed toward Plaintiff's employers without justification. Given how expansive the subpoenas are and the lack of any justification, Plaintiff is certainly justified in trying to protect himself against what the courts recognize as the real harms involved with subpoenas to subsequent employers. Moreover, in making their application, Defendants conveniently mischaracterize why Plaintiff was fired by Defendants. Defendants fired Plaintiff because they allegedly felt the accommodations requested by the Plaintiff were problematic (i.e. Plaintiff's need to be seated during endoscopic procedures posed patient concerns). The hospital did not terminate Plaintiff because they questioned whether he could physically perform general endoscopic procedures with the requested accommodations.

At an earlier discovery conference, both parties had various discovery issues that were resolved with the Court's assistance. Defendants' mention of the parties' prior discovery motion is irrelevant. Both parties had various issues resolved with the Court. Although Plaintiff has complied with the Court's Order, the Plaintiff is still of the position that every record pertaining to Plaintiff's condition does not relate to the claims and defenses in this case. Plaintiff does not sue "upon his condition." This is not a physical injury case nor is this case where Plaintiff seeks damages based on any physical injury. Defendants did not contest that Plaintiff had a disability which required accommodations.

                                            Respectfully Submitted,

                                            /s/
                                          Lauren Goldberg

Cc:    Stephen Stecker, Esq. (via ECF)
Cc:    Anjanette Cabrera, Esq. (via ECF)